Melissa D. Thiesing Neosho County Attorney 102 S. Lincoln, P. O. Box 370 Chanute, Kansas 66720
R. Kent Pringle, Legal Counsel Neosho County Community College P. O. Box 748 Chanute, Kansas 66720
Dear Ms. Thiesing and Mr. Pringle:
As Neosho County Attorney and legal counsel for the Board of Trustees of Neosho County Community College (NCCC), respectively, you request our opinion regarding an NCCC resolution assessing an annual levy upon all taxable tangible property within the NCCC district for the purpose of providing monies for capital outlay. Specifically, you ask whether the Board of Trustees may rescind the resolution that led to circulation of a protest petition authorized under K.S.A. 71-501. This opinion is a follow-up to Attorney General Opinion No. 2001-43.[1]
On November 13, 1997, the Board of Trustees for NCCC adopted a resolution assessing a levy that would provide monies for capital outlay. It is our understanding that the levy was to be assessed in tax years 1998, 1999, 2000, 2001, and 2002. Petitioners in the NCCC district filed a petition on January 5, 1998, seeking to bring the resolution to an election. It was determined by the Neosho County Attorney that this petition did not meet the requirements of K.S.A. 25-3601 et seq.[2]
Because the time for filing petitions seeking to bring the resolution to an election had passed, the resolution became effective without a vote of the electorate. The Board of Trustees, however, determined that it was not in the best interests of NCCC at that time to assess the levy. The Board, therefore, chose to rescind the resolution.
On April 12, 2001, the Board once again adopted a resolution assessing a levy for the purpose of providing monies for capital outlay. It is our understanding that the assessment was intended to begin in tax year 2002. Petitioners again filed a petition seeking to bring the resolution to an election. It is our understanding that the Board of Trustees for NCCC does not intend to challenge the validity of the petition, nor does it intend to submit the resolution to election. Therefore, the resolution will not take effect.[3] The Board is precluded by statute from adopting a similar resolution for a period of one year from the date the petition was filed.[4]
After reviewing the resulting time line, it appears the actions of the Board of Trustees in rescinding the resolution adopted in 1997 will not cloud the validity of any capital outlay resolution the Board may adopt in the future. The authority that may have been gained through the resolution adopted in November, 1997, will end at the time that 2002 tax assessments are made. Given the Board's recent action and statements of its legal counsel, it appears the Board will be reluctant to adopt a resolution seeking to levy an assessment pursuant to K.S.A. 71-501 prior to the time in which any authority derived from the 1997 resolution lapses in mid-2002. Despite this scenario, you request that we review the issue.
The board of trustees for a community college "is responsible for the operation, management and control of the college."[5] To give effect to such duties, the board is authorized "[t]o make and promulgate such rules and regulations, not inconsistent with the provisions of law or with rules and regulations of the state board of regents, that are necessary and proper for the administration and operation of the community college, and for the conduct of the business of the board of trustees," and "[t]o exercise all other powers not inconsistent with the provisions of law or with the rules and regulations of the state board of regents which may be reasonably necessary or incidental to the establishment, maintenance and operation of a community college."[6] In addition, the board is specifically authorized to adopt a resolution assessing a capital outlay levy.[7]
 "The power of a municipal corporation to enact ordinances generally implies the power to repeal them by means of an act of equal dignity, although this power may be negatived by statute. Furthermore, it has been held that there is no implied power of repeal where an ordinance has been enacted under a narrow, limited grant of authority to do a single designated thing in the manner and at the time fixed by the legislature, which excludes the implication that the common council was given any further authority over the subject than to do the one act."[8]
Such authority may be exercised to the extent that the authority is not restricted by statute or has the effect of impairing the rights of third parties.[9]
Pursuant to K.S.A. 71-501, the Board of Trustees for NCCC adopted a resolution seeking assessment of a capital outlay levy. The Board followed the formalities required in adopting the resolution. The statute does not set forth a procedure for rescinding such a resolution, nor does it establish restrictions on the authority to rescind the resolution. Therefore, provided the rights of any other parties will not be impaired, the Board has the authority to rescind a resolution adopted under K.S.A. 71-501.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] Attorney General Opinion No. 2001-43, fn. 1.
[2] See Attorney General correspondence addressed to Linus A. Thuston, January 26, 1998.
[3] K.S.A. 71-501.
[4] Id.
[5] K.S.A. 71-201(a).
[6] K.S.A. 71-201(b)(13) and (14).
[7] K.S.A. 71-501.
[8] 56 Am.Jur.2d Municipal Corporations, Counties and Other PoliticalSubdivisions § 370 (2000). See also State ex rel. Tomasic v. UnifiedGovernment of Wyandotte County/Kansas City, Kansas, 264 Kan. 293, 329-330
(1998); Attorney General Opinions No. 97-83; 97-72; 96-21.
[9] Attorney General Opinion No. 96-21.